OPINION. Van Fossan, Judge: The first issue is whether income of the three trusts which petitioner created for the benefit of his three daughters is includible in his gross income for the years 1935 and 1936. Petitioner contends this income is not so includible under sections 166 or 167 of the Revenue Acts of 1934 and 1936, since, under provisions of the trusts, no part of the corpora or income therefrom could be revested in him without the consent of persons having substantial adverse interests. He also argues that the income is not taxable to bim under section 22 (a) because petitioner, after the creation of the trusts, did not continue to be the real owner of the property. Respondent claims that, because of the powers in the trustees to alter, amend, or revoke, the income is taxable to petitioner. He further interprets the provisions of the trusts to mean that the trustees could revest title to the trust funds in petitioner without the consent of persons having substantial adverse interest. We do not agree with respondent that the trust income is taxable to petitioner under sections 166 or 167. Each of the trusts as amended on June 2, 1932, provided that the trustees, other than petitioner, could revoke, alter, or amend the trusts, but not so as to benefit petitioner unless such a benefit was assented to by the primary beneficiary or “some other person having a substantial interest in the disposition of the corpus of the trust or the income therefrom.” Respondent’s argument that the primary beneficiaries did not have a substantial adverse interest can not be sustained. A study of the trust instruments reveals that petitioner’s first purpose in creating the trusts was to provide for his children, the primary beneficiaries. The trustees themselves recognized this purpose by actually distributing income to the children in accordance with their needs. We believe, therefore, that the respective primary beneficiaries had a substantial interest in the income of the trusts, and consequently the corpora thereof, which was adverse to that of petitioner. In this respect the case is distinguishable from Fulham v. Commissioner, 110 Fed. (2d) 916, wherein no interest under a trust could go to the grantor on revocation or amendment to the trust without the consent of his wife. The Circuit Court of Appeals for the First Circuit pointed out that the wife did not have a substantial adverse interest because the main objective of the trust was to benefit the grantor’s children, not his wife, although distribution of accumulated income might, in the discretion of the trustees, have been made to the wife. See Meyer Katz, 46 B. T. A. 187. Respondent contends that title to the trust principal could have been revested in petitioner on the consent of some person who did not have a substantial adverse interest by reason of the language, “some other person having a substantia! interest in the disposition of the corpus of the trust or the income therefrom.” The only persons other than the primary beneficiaries having a substantial interest in the corpus or income of the trust were the issue of the primary beneficiaries. The fact that such issue were contingent beneficiaries does not prevent their interest from being substantial. Jane B. Shiverick, 37 B. T. A. 454. Since a return of the corpora to petitioner would prevent the ripening of the contingent benefits given them under the trusts, we believe their interests were adverse to that of petitioner, within the meaning of that term as employed in sections 166 and 167. Accordingly, we hold that neither the corpora nor the income of the trusts could redound to the benefit of petitioner without the consent of persons having a substantial adverse interest. Therefore, the income therefrom is not includible in petitioner’s gross income under sections 166 or 167. Respondent also contends that the income from the trusts is in-cludible under section 22 (a) of the Revenue Acts of 1934 and 1936. The answer to this question depends on whether, as a matter of law, petitioner ceased to be the substantial owner of the corpora after the trusts had been created. Clifford v. Helvering, 309 U. S. 331. In the latter case the Supreme Court, in discussing the facts peculiar to that case, concluded that: * * * the short duration of the trust, the fact that the wife was the beneficiary, and the retention of control over the corpus by respondent all lead irresistibly to the conclusion that respondent continued to be the owner for purposes of §22 (a). From the above quotation it is clear that the facts in the case at bar are distinguishable from those in the Clifford case. Here the respective trusts were to continue at least for the lives of the primary beneficiaries; petitioner could not receive any of the benefits of income or principal without the consent of persons with a substantial adverse interest; petitioner retained no control or dominion over the corpora of the trusts or income therefrom; petitioner was not the trustee during the taxable years; and there was no reversion of the principal of the trust to petitioner. In view of these factors we do not believe that petitioner was in substance the owner of the corpora of the trusts. The mere fact that petitioner derived nomnaterial satisfaction out of seeing his children provided for is not sufficient to make him taxable. Helvering v. Stuart, 317 U. S. 154. Petitioner in the instant case did more to place ownership of the trust property beyond himself than did the grantor in Commissioner v. Branch, 114 Fed. (2d) 985, wherein the Circuit Court of Appeals for the First Circuit said: * * * Where the grantor has stripped himself of all command over the income for an indefinite period, and in all probability, under the terms of the trust instrument, will never regain beneficial ownership of the corpus, there seems to be no statutory basis for treating the income as that of the grantor under Section 22 (a) merely because he has made himself trustee with broad power in that capacity to manage the trust estate. Eespondent argues in effect that the powers possessed by the trustees are attributable to petitioner because the trustees are amenable to the grantor’s wishes in all matters pertaining to the trusts. As proof of. this respondent points to the fact that in 1933 the trustees amended a trust identical in all pertinent respects with those before us in order to return Lavinia H. Newell, sister of petitioner’s deceased wife, to her place as primary beneficiary, in lieu of Florence S. Bradley, whom petitioner had married in 1927. We are unable to agree with respondent that this amendment indicated that the trustees were amenable to the grantor’s wishes. The action was taken by the trustees during petitioner’s absence and without consulting him. It is apparent that the trustees removed Florence S. Bradley as primary beneficiary because she herself renounced her beneficial interest in the trust. Apparently, this renunciation was a condition imposed upon her by a separation agreement between her and petitioner, under which agreement petitioner made a settlement on her of $400,000. By reason of the vacancy left by this renunciation, the trustees on their own motion returned Lavinia H. Newell to' her former place as primary beneficiary. Nor is the fact that the trustees were petitioner’s attorney, broker, and bookkeeper, respectively, of vital significance. It is natural that the grantor of a trust will appoint as fiduciaries persons upon whose ability and integrity he may rely. In the instant case the evidence is that petitioner never expressed to the trustees his wishes as to investment and management of the trusts. The trustees exercised their own independent judgment with regard to such matters. Nor is there any evidence on which to base a conclusion that the trustees would have abdicated their functions had petitioner sought to impose his will on them. It may well be argued that it would have been an abuse of the discretionary powers given the trustees under the trust instruments for them to have followed the dictates of petitioner rather than of their own collective judgment. In the absence of evidence it would be unjustifiable to impute such an abuse to them. Taking into consideration all of the factors involved in this situation, it is our opinion that petitioner did not remain in substance the owner of the corpora of the trusts within the meaning of section 22 (a). Commissioner v. Betts, 123 Fed. (2d) 534; Commissioner v. Branch, supra; Jones v. Norris, 122 Fed. (2d) 6; Frederick Ayer, 45 B. T. A. 146; and Meyer Katz, 46 B. T. A. 187. Kespondent places great reliance on Howard Phipps, 47 B. T. A. 357, as to the applicability of section 22 (a). We think that case clearly distinguishable. The basis for the decision there was that petitioner had not placed control of a trust created by him beyond his family circle. The trustees were petitioner’s wife and a family-controlled corporation. The opinion in that case indicated that the corporate trustee respected the wishes of petitioner as to matters concerning the trust which he had established. Also upon the written direction of petitioner’s wife, the whole trust could have been terminated and the corpus returned to petitioner. Further, theTpowcr-of appointment over the corpus, which power was given to petitioner’s wife, was confined to petitioner’s own descendants. None of those factors are present here and it is, therefore, obvious that that case is not controlling. Accordingly, we hold petitioner not taxable on the income from the three trusts under section 22 (a). In his amended answer respondent requests that the deficiencies be increased to take into account $8,048.59 and $12,010.71 of additional income for the years 1935 and 1936, respectively. These additional amounts represent expenses of management which respondent failed to disallow in his notice of deficiency. Since the request for additional deficiencies is new matter pleaded in the amended answer, respondent has the burden of proving that these expenses are not allowable. Respondent has offered no evidence that these expenses were incurred in connection with exempt income. We, therefore, hold for petitioner as to these items. Decision will be entered under Rule 50.